DJW:mmh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

FORECLOSURE MANAGEMENT
COMPANY,

        Plaintiff,

      v.                            Case No. 07-2388-DJW

ASSET MANAGEMENT HOLDINGS,
L.L.C.,

        Defendant.

### <u>SCHEDULING ORDER</u>

On November 28, 2007, pursuant to Fed. R. Civ. P. 16(b), the court conducted a telephone scheduling conference with the parties.[1] Plaintiff appeared through counsel Eldon J. Shields.  Defendant appeared through counsel Lee R. Anderson.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1]As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

O:\ECFDocs\Orders for Signature\07-2388  Sch Ord.wpd

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| Plaintiff's settlement proposal | 12/12/07 |
| Defendant's settlement counter-proposal | 12/20/07 |
| Confidential settlement reports to Judge Rushfelt, with identification of agreed-upon mediator or other ADR neutral | 12/28/07 |
| Mediation or other ADR process completed | 2/29/08 |
| Settlement conference with court | N/A |
| Initial disclosures exchanged | 12/12/07 |
| All discovery completed | 4/30/08 |
| Early discovery completed | N/A |
| Experts disclosed by plaintiff & defendant on its counterclaim | 3/1/08 |
| Responses to experts | 4/1/08 |
| Rebuttal experts disclosed | 4/15/08 |
| Independent medical examinations | 4/30/08 |
| Supplementation of disclosures | 40 days before the deadline for completion of discovery |
| Preliminary witness and exhibit disclosures | N/A |
| Jointly proposed protective order submitted to court | 12/10/07 |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | 12/7/07 |
| Motions to join additional parties or otherwise amend the pleadings | 1/14/08 |
| Motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim | 2/4/08 |
| All other potentially dispositive motions (e.g., summary judgment) | 6/13/08 |
| Motions challenging admissibility of expert testimony | 6/13/08 |
| Comparative fault identification | N/A |
| Status conference | 10/6/08 @ 10:30 a.m. |
| Final pretrial conference | 5/23/08 @ 11:00 a.m. |
| Proposed pretrial order due | 5/16/08 |
| Trial | 10/6/08 @ 1:30 p.m. |

1.      **Alternative Dispute Resolution (ADR).**

a.      By December 12, 2007, plaintiff shall submit to defendant a good faith proposal to settle the case.  By December 20, 2007, defendant shall make a good faith response to plaintiff's proposal, either accepting the proposal or submitting defendant's own good faith proposal to settle the case.  By December 28, 2007, each of the parties shall submit independently, by way of e-mail or letter (preferably the former), addressed to **Magistrate Judge Gerald L. Rushfelt** (but not the district judge), a confidential settlement report.  These reports shall briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations and the overall prospects for settlement, and a specific recommendation regarding mediation and/or any other ADR method, together with an indication concerning who has been selected by the parties (preferably jointly) to serve as a mediator or other neutral in an ADR process. These reports need not be served upon opposing parties and **shall not** be filed with the Clerk's Office. The court may thereafter order participation in an ADR process.

b.      Settlement may be enhanced by use of mediation.  Counsel shall provide the name of an agreed-upon mediator to the court, and the scheduled date of the mediation as part of the above-described confidential settlement reports; if the parties are unable to jointly agree upon a mediator, each shall suggest a mediator and then the court will select a mediator.  Absent further order of the court, the ADR process shall be held no later than February 29, 2008, before the mediator chosen by the parties or selected by the court.  An

ADR report, on the form located on the court's Internet website,  must be filed by defense counsel within five days of the scheduled ADR process

(*http://www.ksd.uscourts.gov/attorney/adr/adrreport.pdf*).

**2.      Discovery.**

a.        The parties shall exchange by December 12, 2007 the information required by Fed. R. Civ. P. 26(a)(1).   In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various documents described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying  by December 12, 2007.  The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party.   In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.  *See* Fed. R. Civ. P. 37(c)(1).

b.        All discovery shall be commenced or served in time to be completed by April 30, 2008.

c.      The parties do not intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

d.      Consistent with the parties' agreements as set forth in the planning conference report submitted pursuant to Fed. R. Civ. P. 26(f), electronically stored information (ESI) in this case will be handled as follows:  Production of ESI shall be in paper or image format (pdf, tif, or comparable equivalent). When producing ESI is such paper or image format, the producing party shall make reasonable efforts to preserve auto-dating fields so that the date appearing shows the date intended at the time the document was prepared by party in the course of business. Each party reserves the right to show by extrinsic evidence that a date appearing on a produced document is not the date intended at the time the document was prepared by a party in the course of business.

e.      No party shall serve more than 30 interrogatories, including all discrete subparts, to any other party.

f.      There shall be no more than 6 depositions by plaintiff and 6 by defendant.

g.      Each deposition shall be limited to 7 hours, except for the depositions of two persons to be designated by each side which shall be limited to 14 hours.  All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/guidelines/depoguidelines.pdf).*

h.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by plaintiff and by defendant on its counterclaim by March 1, 2008, and with responses by April 1, 2008.   Disclosures and reports by any rebuttal

experts shall be served by April 15, 2008.  The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served, counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

i.      The parties shall complete all Fed. R. Civ. P. 35 physical or mental examinations by April 30, 2008.  If the parties disagree about the need for or the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

j.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served 40 days before the deadline for completion of all discovery. The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial. The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires. Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21 days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

k.      At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

l.         Discovery in this case may be governed by a protective order.  If the parties

agree concerning the need for and scope and form of such a protective order, their counsel

shall confer and then submit a jointly proposed protective order by December 10, 2007.  Such

jointly proposed protective orders should be drafted in compliance with the written

guidelines that are available on the court's Internet website:

*(http://www.ksd.uscourts.gov/guidelines/protectiveorder.pdf).*

At a minimum, such proposed orders shall include, in the first paragraph, a concise but

sufficiently specific recitation of the particular facts in this case that would provide the court

with an adequate basis upon which to make the required finding of good cause pursuant to

Fed. R. Civ. P. 26(c).  If the parties disagree concerning the need for, and/or the scope or

form of a protective order, the party or parties seeking such an order shall file an appropriate

motion and supporting memorandum by December 7, 2007.

m.        To avoid the filing of unnecessary motions, the court encourages the parties

to utilize stipulations regarding discovery procedures. However, this does not apply to

extensions of time that interfere with the deadlines to complete all discovery, for the briefing

or hearing of a motion, or for trial.  *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a).  Nor does

this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts'

reports.  *See* D. Kan. Rule 26.4(b).

**3.      Motions.**

a.         Any motion for leave to join additional parties or to otherwise amend the

pleadings shall be filed by January 14, 2008.

b.       Provided that such defenses have been timely preserved, any motions to dismiss for lack of personal jurisdiction, venue, propriety of the parties, or failure to state a claim upon which relief can be granted shall be filed by February 4, 2008.

c.       All other potentially dispositive motions (e.g., motions for summary judgment) shall be filed by June 13, 2008.

d.       All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than June 13, 2008.

e.       Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown.  Otherwise, the objection to the default, response, answer, or objection shall be waived.  *See* D. Kan. Rule 37.1(b).

**4.      Other Matters.**

a.      The parties agree that principles of comparative fault do not apply to this case.

b.      Pursuant to Fed. R. Civ. P. 16(a), a status conference is scheduled for October 6, 2008 at 10:30 a.m. in the magistrate judge's courtroom #223, Robert J. Dole U.S. Courthouse, 500 State Avenue, Kansas City, Kansas.

c.      Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for May 23, 2008 at 11:00 a.m. by telephone unless the judge determines that the proposed Pretrial Order is not in the appropriate format or that there are other problems requiring counsel to appear in person.  If that determination is made the final pretrial conference will be held in Room #223, Robert J. Dole U. S. Courthouse, 500 State Avenue, Kansas City, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than May 16, 2008, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_waxse_chambers@ksd.uscourts.gov*.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.  **If the Pretrial Conference is to proceed by telephone**, please e-mail Lori

Lopez with the appropriate contact information, at *ksd_waxse_chambers@ksd.uscourts.gov* at least 48 hours prior to the setting.

d.      The parties expect the trial of this case to take approximately 3-5 days.  This case is set for trial on the court's docket beginning on October 6, 2008 at 1:30 .m.  The trial setting may be changed only by order of the judge presiding over the trial.

e.      The parties are prepared to consent to trial by a U.S. Magistrate Judge at this time.

f.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

This scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 3rd day of December, 2007, at Kansas City, Kansas.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties