**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS**

FORECLOSURE MANAGEMENT CO.,          )
                                     )
                                     )
                    Plaintiff/       )
         Counterclaim-Defendant.     )
                                     )    Case No.  2:07-CV-02388-DJW
        vs.                          )
                                     )
ASSET MANAGEMENT HOLDINGS, LLC,      )
                                     )
                    Defendant/       )
         Counterclaim-Plaintiff.     )
_____)

## PROTECTIVE ORDER

Whereas the parties are engaged in discovery that involves production of information each producing party deems confidential, including non-public financial and tax information of the parties' business activities, personnel information, information exchanged between defendant and attorneys employed at plaintiff's business, and trade-secret information regarding business strategy in debt collections and foreclosures,

IT IS HEREBY ORDERED:

1.       "Confidential Information" means any type or classification of information that is designated as "Confidential" by the supplying party, and reasonably believed to be subject to protection under Fed.R.Civ.P. 26(c)(7) or other applicable law, whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise.  In designating information as "Confidential," the supplying party will make such designation only as to that information that party in good faith believes to be Confidential Information in accordance with applicable law. "Confidential Information" shall include the following:  non-public financial and tax information of the parties' business activities, personnel information, information exchanged between defendant

and attorneys employed at plaintiff's business, and trade-secret information regarding business strategy in debt collections and foreclosures.

2.      The "Action" means *Foreclosure Management Company v. Asset Management Holdings, LLC* Case No. 2:07-CV-02388-CM-DJW, filed in the United States District Court for the District of Kansas.

3.      "Document" means any written or graphic matter, no matter how produced, recorded, stored or reproduced and includes tape recordings or other electronically stored data, together with the programming instructions and other written material necessary to understand such tapes and data.

4.      "Qualified Persons" means (a) in-house and outside counsel representing a party in the Action, including associate attorneys and paralegals; (b) experts who are assisting counsel in the preparation of the Action; (c) any litigation assistant, paralegal, stenographic, secretarial, or clerical personnel assisting such counsel in the Action; (d) any litigation assistant, paralegal, stenographic, secretarial or clerical personnel employed by the expert assisting such expert in the Action; (e) any court reporter or typist or videographer recording or transcribing testimony; (f) the Court; (g) the parties, or officers, directors, and employees of parties; (h) potential witnesses; and (i) any other persons agreed to in writing by the parties, either as to all or any Confidential Information in the Action.

5.      "Termination of the Action" means within 60 days after the entry of the final judgment or stipulation of dismissal if there is a settlement, or in the case of appeal, the date when all appeals are resolved.

6.      The parties will use the Confidential Information produced pursuant to this

Protective Order only for the purpose of preparing for or conducting the Action and for no other purpose. The parties may designate documents as Confidential after providing access thereto to the opposing party without waiving the right to make such designations, so long as such designations are made promptly after such documents are reviewed by the opposing party.

7.      This Order shall be without prejudice to the right of any party: (a) to oppose production of information for any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege; (b) to petition the Court for a further protective order relating to any purportedly confidential information; or (c) to object to the authenticity or admissibility into evidence of any document, testimony, or other evidence subject to this Order. The existence of this Order shall not be used by any party as a basis for discovery that is not otherwise proper under the Federal Rules of Civil Procedure. This Order is not intended to restrict the use by either party of information secured through discovery or otherwise, which use is authorized by state or federal law, administrative regulation, or contract entered into pursuant to those laws or regulations.

8.      Except as provided in this Order, Confidential Information produced in this Action will be disclosed by the receiving party only to Qualified Persons who must have read this Order.

9.      Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraphs 4(b), 4(d), 4(g), and 4(i), such person must agree in writing to obey the terms of this Order prior to receiving Confidential Information. The written format for this Confidentiality Agreement will be as follows:

> "I acknowledge that I [name], [position of employment], am about to receive Confidential Information supplied by [insert supplier]. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the court order of [date] in *Foreclosure Management Company v. Asset Management Holdings, LLC* Case No. 2:07-CV-02388-CM-DJW, filed in the

> United States District Court for the District of Kansas, and that I have
> been given a copy of and have read said order and agree to be bound
> by the terms thereof. I understand that such information and any
> copies I make of any documentary material containing Confidential
> Information or any notes or other records that  contain such
> information shall not be disclosed to others, except with respect to
> 'Qualified Persons', as provided in that Order."

Before providing access to or disclosing any Confidential Information to any Qualified Person defined in Paragraph 4(h), the party showing such information shall advise the potential witness that the information is Confidential and cannot be used except in this Action and shall give the potential witness a copy of this Order. Any attorney of record for each party must maintain a list of names of all persons to whom such Confidential Information is disclosed.  Such list(s) and each written Confidentiality Agreement executed by Qualified Persons in accordance with this paragraph shall be exchanged by the parties 30 days after termination of the Action upon request by either party.

10.    Material designated as Confidential may be used at a nonparty deposition only if relevant to the testimony of the witness.  Counsel for the party using such material must provide the witness with a copy of this Confidentiality Order and have the witness execute the Confidentiality Agreement set forth in Paragraph 9, which shall be entered as an exhibit in the witness's deposition.

11.    Any Confidential Information supplied in written or documentary form must be labeled by the supplying party as "Confidential". All deposition transcripts must be treated as Confidential Information for a period of ten (10) business days after receipt of such deposition transcript to allow time for the parties to make their Confidential Information designations as to portions of the transcript. Persons may be deposed regarding Confidential Information pursuant to the terms of this Paragraph and Paragraph 9.  Only Qualified Persons and the witness may be present at such depositions.

12.     All Confidential Information that is to be filed with the Court must be filed in conformance with local rule 5.4.6, and specific court order permitting the filing of sealed documents.

13.     If the receiving party disagrees with the designation by the producing party of any information as Confidential Information, then the parties will try first to resolve such dispute on an informal basis before presenting the dispute to the Court. If the parties fail to resolve such dispute informally, the producing party bears the burden of persuading the Court that the information is in fact Confidential.

14.     No party is obligated to challenge the propriety of a Confidential designation, and a failure to do so will not preclude a subsequent attack on the propriety of such designation.

15.     The receiving party must maintain all Confidential Information produced or exchanged in this Action or notes or other records regarding the contents thereof, in the custody of in-house or outside counsel or Qualified Persons who have executed the above-referenced Confidentiality Agreement, and no partial or complete copies thereof may be retained by anyone else at any other location than the offices of such counsel or Qualified Persons who have executed the above-referenced Confidentiality Agreement, unless otherwise authorized by stipulation of the parties or by order of the Court.

16.     Upon Termination of the Action and request by the other party, each party within thirty (30) days will assemble and return to the supplying party, with the cost of shipping borne by the supplying party, all Discovery Material (as defined in paragraph 18 of this Protective Order) and Confidential Information and documentary material or memoranda embodying information designated Confidential, including all copies of such memoranda or documentary material which may have been made, but not including any notes or other attorney's work product that may have

5

been placed thereon by counsel for the receiving party.  Alternatively, at the request of the supplying party, the receiving party will destroy all such materials within thirty (30) days of the Termination of the Action and certify to the supplying party that he or it has done so.  As to any copies of Confidential Information claimed to contain the receiving attorney's work product, they must be destroyed by the receiving party within thirty (30) days of the Termination of the Action upon request of the producing party, and the receiving party must certify to the supplying party that he or it has done so.

17.     Nothing in this order will prejudice any party from seeking amendments broadening or restricting the rights of access to and use of Discovery Material and Confidential Information, or other modifications.

18.     Third parties who produce and/or disclose documents and information that fall within the definition of Confidential Information as set out in paragraph 1 of this Order ("Discovery Material") may march such Discovery Material as Confidential pursuant to this Protective Order, and all terms of this Protetive Order shall apply to such Discovery Material.

19.     If any person receiving documents covered by this Order (a) is subpoenaed in another action, (b) is served with a demand in another action to which he or it is a party, or (c) is served with any other legal process by one not a party to this Action, seeking Discovery Material which was produced or designated as Confidential by someone other than the receiving party, the receiving party must promptly notify the supplying party of receipt of such subpoena, demand or legal process, and will decline to produce such material unless otherwise ordered by a court. Should the person seeking access to the Confidential Information take action against the receiving party or anyone else covered by this Order to enforce such a subpoena, demand or other legal process, the receiving party

6

will respond by setting forth the existence of this Order and, other than providing notice pursuant to the previous sentence, will be under no further obligation to preserve the confidentiality of any such documents in connection with such subpoena, demand or legal process. Nothing here may be construed as requiring the receiving party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated this 7th day of February 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

SUBMITTED BY:


_____/s/ Eldon J. Shields_____
Eldon J. Shields, Esq. #08266
Gates, Biles, Shields & Ryan, P.A.
10990 Quivira, Suite 200
Overland Park, KS 66210
Telephone: 913-661-0222
Facsimile: 913-491-63988
**ATTORNEYS FOR PLAINTIFF/**
**COUNTERCLAIM DEFENDANT**




_____/s/ Lee R. Anderson_____
Lee R. Anderson        KS # 22755
Rouse Hendricks German & May PC
One Petticoat Lane Building,
1010 Walnut Street, Suite 400
Kansas City, Missouri 64106
Phone: 816-471-7700
Facsimile: 816-471-2221
**ATTORNEYS FOR DEFENDANT/**
**COUNTERCLAIM PLAINTIFF**