DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**FORECLOSURE MANAGEMENT CO.,**

                **Plaintiff,**                        **Civil Action**

**v.**                                          **No. 07-2388-DJW**

**ASSET MANAGEMENT HOLDINGS, LLC,**

                **Defendant.**
_____

**ASSET MANAGEMENT HOLDINGS, LLC., et al.,**

                **Counterclaim Plaintiffs,**

**v.**

**FORECLOSURE MANAGEMENT CO.,**

                **Counterclaim Defendant.**

## <u>MEMORANDUM AND ORDER</u>

Pending before the Court is Plaintiff/Counterclaim Defendant Foreclosure Management Co.'s ("FMC") Motion to Strike First Amended Answer and Counterclaims (doc. 57).   For the reasons set forth below, the Motion is granted.

### I.      Background Information

On January 14, 2008, Asset Management Holdings, LLC ("Asset Management") filed a Motion for Leave to Amend Counterclaims to Join Parties as Counterclaim Plaintiffs, seeking "to join additional parties as counterclaim plaintiffs."[1]   Asset Management stated in its supporting memorandum that it sought only to "modif[y] the case-styling and Counterclaim paragraphs 1 and

---

[1]Mot. for Leave to Amend Countercl. to Join Parties as Countercl. Pls. (doc. 16) at p.1.

4 to accommodate the joinder of these additional counterclaim plaintiffs."[2]   Asset Management

attached to its motion (as Exhibit A) a proposed pleading entitled "First Amended Answer and

Counterclaims."

FMC did not file an opposition to the Motion for Leave to Amend.  On April 15, 2008, the

Court granted the Motion for Leave to Amend as unopposed, and directed Asset Management to file

its First Amended Answer and Counterclaims by April 21, 2008.[3]

Asset Management filed a pleading entitled "First Amended Answer and Counterclaims" on

April 21, 2008.[4]  That pleading, however, is not same pleading that was attached as Exhibit A to

Asset Management's Motion for Leave to Amend.  The proposed Counterclaims attached to the

Motion for Leave to Amend consisted only of seven pages.  The Counterclaims that were filed on

April 21, 2008, however, consist of eleven pages.  While both sets of counterclaims allege the same

causes of action, the set of counterclaims filed on April 21, 2008 changed sixteen allegations and

added twenty-two allegations (one with eight new sub-paragraphs, another with six new

sub-paragraphs, and still another with nine new sub-paragraphs).

## II.      Summary of the Parties' Arguments

FMC moves to strike the First Amended Answer and Counterclaims, asserting that Asset

Management was not granted leave to file counterclaims that differed from those proposed and

attached to its Motion for Leave to Amend.  FMC asserts that it is prejudiced by the new allegations

in that it is unable to conduct discovery on the new allegations, as discovery closed on April 30,

---

[2]Mem. in Supp. of Mot. for Leave to Amend (doc. 17) at p.

[3]April 15, 2008 Order (doc. 50).

[4]*See* doc. 52.

2008, only a few days after the new set of counterclaims was filed.  In addition, FMC argues that

it will be difficult for FMC to prepare the proposed pretrial order, which, at the time, was due June

13, 2008.  Finally, FMC asserts that Asset Management's filing of the amended set of counterclaims

was an improper attempt to plead more fact-specific allegations of fraud so as to defeat FMC's

anticipated re-filing of a motion to dismiss for failure to plead fraud with particularity.

Asset Management argues in its response to the Motion to Strike that the Amended

Counterclaims do not assert any new causes of action but merely plead new factual allegations to

support the same causes of action.  Asset Management contends that between the time it filed its

Motion to Amend (January 14, 2008) and the date it filed the Amended Answer and Counterclaims

(April 21, 2008), it learned new facts through depositions of FMC employees and documents

produced by FMC.  Asset Management merely incorporated those new facts into the Amended

Counterclaims it filed.  Asset Management contends that FMC will not suffer any prejudice as a

result of their inclusion, as FMC was already aware of those facts.  Finally, Asset Management

maintains that it is disingenuous for FMC to complain that Asset Management has added factual

allegations to its counterclaims when those allegations are what FMC complained in its earlier

motion to dismiss were missing from Asset Management's original set of counterclaims.

## III.     Discussion

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings such as

counterclaims.  After the permissive filing period, Rule 15(a) allows a plaintiff to amend the

complaint "only with the opposing party's written consent or the court's leave."[5]

---

[5]Fed. R. Civ. P. 15(a).

In light of Rule 15(a), Asset Management was *required* to obtain leave of court or FMC's written consent before including these allegations in its First Amended Answer and Counterclaims. Yet Asset Management had neither leave of court nor written consent of FMC to assert them. Whether FMC may or may not be prejudiced as a result of their inclusion in the First Amended Answer and Counterclaims is not an issue that the Court need resolve.  The only issue is whether the allegations should be stricken.

In *Sheldon v. Vermonty*,[6] this Court was presented with a similar factual scenario.  There, the plaintiff filed a motion for leave to amend to add certain claims.  The Court granted the motion in part and directed the plaintiff to revise his proposed amended complaint to delete one of the proposed claims.[7]  The plaintiff deleted that claim, but added another claim that had not been addressed in his motion to amend or the Court's Order.  He then filed the amended complaint.  The Court struck the amended complaint, observing that the plaintiff had neither obtained leave from the Court nor received written consent of the defendant to file the amended complaint with the new claim in it.[8]  The Court directed the plaintiff to file a revised amended complaint that strictly complied with the Court's order partially granting the motion to amend.[9]

Like the plaintiff in *Sheldon*, Asset Management did not obtain leave of court or the opposing party's written consent to add  new allegations to its amended set of counterclaims.  The Court will therefore strike Asset Management's First Amended Answer and Counterclaims (doc. 52)

---

[6]2002 WL 598333, No. 98-2277-JWL (D. Kan. Mar. 4, 2002).

[7]*Id*. at *2.

[8]*Id.*

[9]*Id.*

in their entirety.  Asset Management shall, within **five (5) days** of the date of this Order, file a pleading that is identical to the proposed First Amended Answer and Counterclaims attached as Exhibit A to its Motion for Leave to Amend (doc. 16).

**IT IS THEREFORE ORDERED** that Asset Management Holdings, LLC's Motion to Strike First Amended Answer and Counterclaims (doc. 57) is granted, and the pleading entitled "First Amended Answer and Counterclaims" (doc. 52) is stricken in its entirety.

**IT IS FURTHER ORDERED** that Asset Management Holdings, LLC shall, within **five (5) days** of the date of this Order, file a First Amended Answer and Counterclaims identical to the proposed pleading that was attached as Exhibit A to its Motion for Leave to Amend (doc. 16).

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 28th day of May 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties