DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**FORECLOSURE MANAGEMENT CO.,**

       **Plaintiff,**

v.

**ASSET MANAGEMENT HOLDINGS, LLC,**

       **Defendant,**

_____

**ASSET MANAGEMENT HOLDINGS, LLC, 1M, INC., 10-ASSET MANAGEMENT HOLDINGS, LLC, MIA FUNDING, LLC, and 2-BANKING ONE FUNDING, LLC,**

       **Counterclaimants,**

v.

**FORECLOSURE MANAGEMENT CO.,**

       **Counterclaim Defendant.**

**Civil Action**

**No. 07-2388-DJW**

## **ORDER**

This matter is before the Court on Defendant/Counterclaimant Asset Management Holdings, LLC's ("Asset Management") Second Motion to Compel Production of Documents (doc. 63). Asset Management seeks to compel Plaintiff/Counterclaim Defendant Foreclosure Management Co. ("FMC") to produce certain documents in response to Asset Management's Request for Production No. 10. FMC has filed no opposition to the Motion.

Asset Management has withdrawn that part of its Motion to Compel which seeks to compel FMC to produce documents responsive to Request for Production No. 5.[1]  Consequently, the Court will take up the Motion to Compel only with respect to Request No. 10.

Request No. 10 asks FMC to produce "[a]ll communications and agreements between FMC and any 'local' attorney performing services related to Asset Management's properties."  FMC asserted several objections to this request but did indicate that it would produce the requested "communications."

Subsequently, FMC's counsel represented to Asset Management that it saves all such communications to its own database and that it has produced all of those communications.  Asset Management states in its Motion to Compel, however, that deposition testimony from two FMC employees makes Asset Management question whether all communications have in fact been produced.  Asset Management employee Jeffrey Harms testified in his deposition that not all e-mail (which would include e-mail communications between FMC and its local counsel) is automatically saved to the database.  He testified that FMC *sends* e-mail either from its database application or from Microsoft Outlook, while it *receives* all e-mail from Microsoft Outlook.  Thus, not all e-mail is stored in FMC's database.  Mr. Harms also testified that FMC had to remind employees to save documents to the database because some employees were not consistently saving pertinent correspondence to the database.  In addition, FMC employee David Noyce testified in his deposition that not all e-mail communication with local counsel have been saved to the database.

In light of the foregoing testimony, Asset Management questions whether FMC has produced all e-mail communications between FMC and its local counsel, as FMC has represented that it has

---

[1] *See* 5/28/2007 Order (doc. 81) granting Asset Management's Mot. to Withdraw (doc. 80).

produced only the e-mails from its database and not from Microsoft Outlook.  Asset Management therefore asks the Court to compel FMC "to produce all responsive documents from Microsoft Outlook."[2]

As noted above, FMC has filed no opposition to Asset Management's Motion.  Rule 7.4 of the Rules of Practice of the United States District Court for the District of Kansas governs unopposed motions.  It provides that where "a respondent fails to file a response [to a motion] within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."  In light of this Rule, the Court will grant Asset Management's Motion as uncontested.[3]  To the extent that FMC has not produced all communications responsive to Request No. 10, it shall do so on or before **July 21, 2008.**  If FMC has produced all such communications, it shall serve, on or before **July 21, 2008**, a supplemental response indicating that all communications responsive to Request No. 10 have been produced.

The Court will now turn to Asset Management's request that it be awarded the attorney's fees it has incurred in filing its Motion. Federal Rule of Civil Procedure 37(a)(5)(A) provides for the payment of the moving party's reasonable expenses, including attorney's fees, if the motion to compel is granted.  Under the Rule, the court must, after providing the parties an opportunity to be heard, order the party whose conduct necessitated the motion to compel to pay the movant's reasonable fees and expenses incurred in making the motion,  unless (i) the movant filed the motion before attempting in good faith to obtain the discovery without court action, (ii) the opposing party's

---

[2] Asset Management's Second Mot. to Compel (doc. 63) at p.6.

[3] *See*  D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.").

nondisclosure was substantially justified, or (iii) other circumstances make an award of expenses unjust.[4]

The Court does not believe that fees should be awarded in this particular instance, where a significant portion of the Motion was withdrawn without a ruling from the Court. The Court therefore declines to award Asset Management its fees.

**IT IS THEREFORE ORDERED** that Asset Management Holdings, LLC's Second Motion to Compel Production of Documents as it relates to Request for Production No. 10 (doc. 63) is granted.

**IT IS FURTHER ORDERED** that, to the extent Foreclosure Management Co. has not produced all communications responsive to Request No. 10, it shall do so on or before **July 21, 2008.** To the extent Foreclosure Management Co. has produced all such communications, it shall serve, on or before **July 21, 2008**, a supplemental response indicating that it has produced all communications responsive to Request No. 10.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses and attorney's fees incurred in connection with this Motion to Compel.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of July 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties

---

[4] Fed. R. Civ. P. 37(a)(5)(C).

4