DJW/bh

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**FORECLOSURE MANAGEMENT CO.,**

               **Plaintiff,**                       **Civil Action**

**v.**                                            **No. 07-2388-DJW**

**ASSET MANAGEMENT HOLDINGS, LLC,**

               **Defendant.**

_____

**ASSET MANAGEMENT HOLDINGS, LLC., et al.,**

               **Counterclaimants,**

**v.**

**FORECLOSURE MANAGEMENT CO.,**

               **Counterclaim Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is the Motion for Protective Order (doc. 60) filed by Plaintiff/Counterclaim Defendant Foreclosure Management Co. ("FMC") regarding the April 22, 2008 Rule 30(b)(6) deposition notice served on FMC.  Also pending before the Court is the oral motion of Defendant/Counterclaimant Asset Management Holdings, LLC ("Asset Management") for leave to take a second Rule 30(b)(6) deposition of FMC.[1]  As is discussed in more detail below, FMC's Motion for Protective Order is granted, as the Court finds that Asset Management did not have leave to take a second Rule 30(b)(6) deposition of FMC, rendering its April 22, 2008

_____

[1]As is discussed in more detail below, the oral motion was made at the April 29, 2008 telephone hearing on FMC's Motion for Protective Order.

deposition notice invalid.  The Court, however, will grant FMC's oral motion for leave to take a second Rule 30(b)(6) deposition of FMC on the four topics listed in the April 22, 2008 deposition notice.

## I.    Background Information

This is a diversity action in which FMC sues Asset Management for breach of contract. Asset Management has counterclaimed against FMC for tortious interference with business expectancy, fraud, professional negligence, breach of contract, and unjust enrichment.

## II.    Facts Relating to the Depositions at Issue

On March 20, 2008 Asset Management filed a notice to take the Rule 30(b)(6) deposition of FMC on March 27, 2008.[2]  The notice indicated that the deposition would cover the following topic:  "FMC's employee records or other information or knowledge concerning the qualifications, training . . . education, and current employment status of the persons identified in Defendant's Rule 26 Initial Disclosure as located at or employed with FMC."[3]

On March 27, 2008, Asset Management took the Rule 30(b)(6) deposition of FMC regarding the topic identified in the notice.  The deposition lasted for less than a half-day and resulted in seventy-five pages of transcript.

On April 22, 2008, Asset Management filed a second notice to take the Rule 30(b)(6) deposition of FMC on April 30, 2008.[4]  The notice indicated that Asset Management sought testimony on the following topics:

[2]*See* First Am. Notice of Rule 30(b)(6) Dep. of Pl. (doc. 33).

[3]*Id.* at p. 1.

[4]*See* [Second] Notice of Rule 30(b)(6) Dep. of Pl. (doc. 54).

1.      The charges on each FMC invoice to Asset Management, including the nature of each service allegedly provided relating to each charge, who performed each service, and the amount of any related third-party charges.

2.      FMC's gross revenue and profits for the years 2005 and 2006.

3.      FMC's revenue and profits specifically attributable to all services provided concerning foreclosures, bankruptcy, litigation, the "Research Team," the "new order" department, the "tax and sales" department, the "title" department, and by all FMC employees designated "attorney."

4.      The insurance policy produced by FMC and contained in deposition exhibit 6.[5]

FMC filed the instant Motion for Protective Order on April 28, 2008.  The following day, the Court held a telephone hearing on the motion.  At the hearing, FMC argued that the second deposition should not go forward because Asset Management had already taken FMC's Rule 30(b)(6) deposition and had not obtained leave to take a second Rule 30(b)(6) deposition.  FMC then orally requested that it be allowed to take a second Rule 30(b)(6) deposition of FMC.  The Court asked the parties for supplemental briefing and took both motions under advisement.

Having reviewed the parties' supplemental briefing, the Court is now prepared to rule on both the written Motion for Protective Order and the oral motion for leave to re-depose FMC.

## III.    Analysis

### A.    Issues

The Issues the Court must resolve are as follows:  Does the rule requiring a party to obtain leave to depose a deponent for a second time apply to a Rule 30(b)(6) deposition of a corporate entity?  If it does, should the Court find Asset Management's second, April 22, 2008 Rule 30(b)(6) deposition notice procedurally invalid and grant FMC a protective order as to it?  And, finally,

---

[5]*Id.*

should the Court grant Asset Management leave to re-depose FMC?

**B.    Discussion**

1.    *Was Asset Management required to seek leave of court prior to noticing a second Rule 30(b)(6) deposition of FMC?*

The starting point for the Court's analysis is Federal Rule of Civil Procedure 30(a)(2), which governs when a deponent may be deposed more than once.  The Rule provides that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2) . . . if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case."[6]  A threshold question that the Court must decide is whether this rule applies to a corporate entity such as FMC that is deposed pursuant to Rule 30(b)(6).  In other words, should Asset Management have sought leave to take a second Rule 30(b)(6) deposition prior to serving its second deposition notice on FMC?

FMC contends that Rule 30(a)(2) required Asset Management to obtain leave before noticing a second Rule 30(b)(6).  FMC relies on *Ameristar Jet Charter, Inc. v. Signal Composites, Inc.*,[7] in which the First Circuit held that the district court "correctly granted" a motion for protective order and quashed a subpoena to take the second Rule 30(b)6) deposition of a non-party corporation.[8]  In so ruling, the First Circuit observed that Rule 30(a)(2) requires a party to obtain leave of court to

_____

[6]Fed. R. Civ. P. 30(a)(2)(A)(ii).  The language of Rule 30 was amended effective December 1, 2007, as part of the general restyling of the Rules of Civil Procedure to make them more easily understood and to make style and terminology consistent throughout the rules.  The changes were stylistic only. The provision requiring leave of court to take a second deposition of the same witness was formerly set forth in Fed. R. Civ. P. 30(a)(2)(B).

[7]244 F.3d 189 (1st Cir.)

[8]*Id.* at 192.

depose a person, including a corporation, that has been previously deposed.[9]  The Court held that because the second Rule 30(b)(6) deposition subpoena was issued without leave of court, the subpoena was "invalid."[10]  Applying this holding to the instant case, FMC maintains that the second deposition notice in this case was invalid and requests that a protective order be entered precluding the second deposition from going forward.

Asset Management does not attempt to distinguish *Ameristar.*  Nor does it cite any case law which holds that leave of court is *not* required to take a second Rule 30(b)(6) deposition.  The Court's own research reveals that only one court has taken such a position.  In *Quality Aero Technology v. Telemetrie Electronic GMBH,*[11] the District Court for the Eastern District of North Carolina held that leave of court was not required for a second Rule 30(b)(6) deposition, at least where the topics in the two deposition notices related to different subject areas.[12]  In so ruling, the Court held that "Rule 30(b)(6) depositions are different from depositions of individuals" and observed that "no aspect of the Rules . . . either restricts a party to a single 30(b)(6) deposition or restricts the allotted time for taking a 30(b)(6) deposition."[13]

This Court respectfully disagrees with the Court's ruling in *Quality Aero Technology,* and holds that leave of court *is required* before a party may take a second Rule 30(b)(6) deposition of a corporation or other entity.  This conclusion is based on the plain meaning of Rule 30(a)(2)(A)(ii).

---

[9]*Id.*

[10]*Id.*

[11]212 F.R.D. 313 (E. D. N. C. 2002).

[12]*Id.* at 319.

[13]*Id.*

It expressly provides that "[a] party must obtain leave of court . . . if the parties have not stipulated to the deposition . . . and the deponent has already been deposed in the case."[14]   There is nothing in the text of Rule 30 that supports the conclusion that Rule 30(b)(6) depositions should be treated differently from depositions of individuals.  Indeed, by using the generic word "deponent," the drafters must have intended to include not only individuals but also corporations and other organizations and entities within the rule that leave of court is required for a second deposition.

Courts are required to "give the Federal Rules of Civil Procedure their plain meaning," and when the terms are unambiguous, "judicial inquiry is complete."[15]  If the drafters of Rule 30 wanted Rule 30(b)(6) deponents to be excluded from the rule that leave must be obtained before deposing a deponent for a second time, then the drafters would have included such a provision in the Rule. They did not, however, and no basis exists for this Court to carve out an exception to the rule for Rule 30(b)(6) depositions.  Accordingly, the Court concludes that Asset Management was required to obtain leave before issuing its second Rule 30(b)(6) deposition notice, and because it did not, its second notice to take FMC's deposition was invalid.[16]   The Court therefore grants Asset Management's Motion for Protective Order as it pertains to the second, April 22, 2008 notice to take

---

[14]Rule 30(a)(2)(A)(ii).

[15]*Pavelic & LeFlore v. Marvel Entm't Group*, 493 U.S. 120, 123 (1989).

[16]The Court's holding is in agreement with not only the *Ameristar* decision but also other cases addressing this issue. *See Tingley Sys., Inc. v. Healthlink, Inc.*, No. 8:05-CV-1936-T-27MAP, 2007 WL 1365341(M. D. Fla. May 9, 2007) (recognizing Rule 30's requirement that leave of court be obtained to proceed with second Rule 30(b)(6) deposition); *In re Sulfuric Acid Antitrust Litig.*, No. 03-C-4576, 2005 WL 1994105, at *2 (N.D. Ill. Aug. 19, 2005) ("The defendants here issued their second rule 30(b)(6) subpoenas without leave of the court, despite the unambiguous requirement of Rule 30(a)(2)(B).  The notices and subpoenas are thus invalid."); *see also Innomed Labs, LLC v. Alza Corp*, 211 F.R.D. 237, 240 (S.D. N.Y. 2002) (denying motion seeking leave to take second Rule 30(b)(6) deposition of corporate party).

FMC's Rule 30(b)(6) deposition.

> 2. *Should Asset Management be granted leave to take a second deposition of FMC?*

The Court will now turn to Asset Management's oral request that it be granted leave to take a second deposition of FMC.

> a. *Applicable law*

Pursuant to Rule 30(a)(2), this Court "*must* grant leave [to take a second deposition] to the extent consistent with Rule 26(b)(2)."[17]  Rule 26(b)(2)(C) requires a court to limit discovery when:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.[18]

The purpose of this rule is to "guard against redundant or disproportionate discovery;"[19] however, the court "must be careful not to deprive a party of discovery that is reasonably necessary to afford a fair opportunity to develop and prepare the case."[20]  Thus, the principles outlined in Rule

---

[17]Fed. R. Civ. P. 30(a)(2) (emphasis added).

[18]Fed. R. Civ. P. 26(b)(2)(C)(i) - (iii).

[19]Fed. R. Civ. P. 26 advisory committee's note to 1983 amendments.

[20]*Id.*

26(b)(2)(C) involve balancing the benefit of the proposed discovery with its likely burdens.[21]

The Court has considerable discretion in deciding whether to grant a party leave to conduct a second deposition of the same deponent.[22]  The exercise of that discretion must, however, be guided by the principles set forth in Rule 26(b)(2).  This Court "will generally not require a deponent to appear for a second deposition absent some showing of a need or good reason for doing so."[23]

In light of the above, to determine whether Asset Management should be granted leave to take a second deposition of FMC regarding the four identified topics, the Court must consider the factors set forth in Rule 26(b)(2) and weigh the benefit of the proposed discovery to Asset Management against the burden it is likely to cause FMC.  In doing so, the Court will consider whether Asset Management has shown a need  or good reason for seeking the second deposition.

> b.  *The parties' arguments*

Asset Management argues that it should be granted leave to depose FMC a second time because the second deposition seeks testimony about "critically relevant facts relating to both parties' claims."[24]  More specifically, Asset Management asserts that the four topics identified in its second deposition notice are "topics central to the merits of the parties' claims and defenses and

---

[21]*Krupp v. City of St. Louis Justice Ctr.,* No. 4:07-CV-883 (JCH), 2007 WL 4233558, at *1 (E.D. Mo. Nov. 28, 2007).

[22]*Ice Corp. v. Hamilton Sundstrand Corp*., No. 05-4135-JAR-KGS, 2007 WL 1590845, at *2 (D. Kan. May 30, 2007); *Cuthbertson v. Excel Indus*., Inc., 179 F.R.D. 599, 604 (D. Kan. 1998).

[23]*Ice Corp*., 2007 WL 1590845, at *2 (quoting *Cuthbertson*, 179 F.R.D. at 604-05); *accord Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996).

[24]Br. in Opp. to Mot. for Protective Order (doc. 69) at p. 1.

wholly distinct from the first 30(b)(6) deposition of FMC,"[25] which dealt with FMC's employee records and the qualifications, training, and education of certain FMC employees.   Asset Management provides minimal justification as to why it could not have taken a single deposition addressing all of its topics.   It merely states that it limited its first Rule 30(b)(6) deposition to information about FMC employees "[b]ecause it would have been fruitless to depose FMC employees who have little relevant information."[26]

FMC does not question why Asset Management could not have combined all of the topics into one deposition.   Rather, it argues that leave should be denied because the four topics listed in the second deposition notice "are all objectionable, prejudicial and harmful to FMC."[27]   More specifically, FMC argues that the topics are "overly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and cumulative."[28]

        *c.*     *Topic No. 1*

As noted above, Topic No. 1 seeks testimony concerning "charges on each FMC invoice to Asset Management, including the nature of each service allegedly provided relating to each charge, who performed each service, and the amount of any related third-party charges."   FMC asserts that Asset Management is seeking the very same information that it sought in its requests for production, but in testimonial rather than documentary form.   FMC objected to producing the requested documents on the basis of undue burden and relevance, among other things.   FMC reasserts its

---

[25]*Id.*

[26]*Id.* at p. 2.

[27]Supplemental Mem. in Supp. of Mot. for Protective Order (doc. 67) at p. 3.

[28]*Id.* at p. 1.

undue burden objection here, arguing that Topic No. 1 would impose an undue burden on it and, thus, under Rule 26(b)(2)(C)(iii),[29] Asset Management should not be allowed to take a second deposition of FMC on this topic.

FMC is correct in asserting that Topic No. 1 seeks the same information sought in Asset Management's document requests.  Those requests and FMC's objections were the subject of a motion to compel, which the Court granted in significant part in an August 13, 2008 Order.[30]  The Court overruled FMC's undue burden and other objections to Request No. 8 and 9, holding that FMC had failed to demonstrate undue burden, particularly in light of the direct relevance of the documents to Asset Management's defenses and counterclaims.[31]  For the same reasons stated in the Court's August 13, 2008 Order, the Court finds the information sought in Topic No. 1 to be directly relevant to the claims and defenses in this case and that it is calculated to lead to the discovery of admissible evidence.  Moreover, the Court does not find Topic No. 1 to be unduly burdensome, and cannot conclude that allowing Asset Management to depose FMC on Topic No. 1 would be unduly burdensome or prejudicial to FMC.

While FMC is correct in asserting that Topic No. 1 concerns the same invoices that were sought through Request for Production No. 8, this does not automatically mean that a deposition regarding the invoices would be "*unreasonably* cumulative or duplicative" within the meaning of Rule 26(b)(2)(C)(i).  Indeed, it is a generally accepted practice for litigants to engage in successive forms of discovery such as the production of documents and depositions regarding those

---

[29]As noted above, under Rule 26(b)(2)(C)(iii), the court must not allow a second deposition if the burden or expense of the proposed discovery outweighs its likely benefit.

[30]*See* August 13, 2008 Mem. and Order (doc. 89).

[31]*See id* at pp. 14-15.

documents.[32]  Had Asset Management already questioned FMC about the invoices in the first Rule 30(b)(6) deposition of FMC, then a second deposition regarding the invoices would most likely be *unreasonably* cumulative and therefore not allowed under Rule 26(b)(2)(C)(i).  However, that is not the case here, as the first deposition did not cover the invoices and was limited to questions regarding FMC's employee records and other information regarding employee qualifications and training.

In addition, the Court finds that Asset Management has adequately established a need to depose FMC on this subject matter.  The documents are clearly relevant to Asset Management's defenses and counterclaims, and Asset Management has not previously deposed FMC on this subject.  The Court finds that the likely benefit of the discovery sought outweighs any burden or expense the discovery might impose on FMC.

In sum, the Court does not find that deposing FMC on Topic No. 1 would be unreasonably cumulative or unduly burdensome.  Nor does the Court find the information sought in Topic No. 1 to be otherwise objectionable.  Finally, the Court finds that Asset Management has established a need to  depose FMC on Topic No. 1 that is sufficient to justify a second deposition, and that the benefit of the discovery outweighs any burden that might be imposed on FMC by having to submit to a second Rule 30(b)(6) deposition.  Accordingly, the Court holds, pursuant to Rules 26(b)(2) and

---

[32]As U.S. Magistrate Judge Gerald L. Rushfelt observed in *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 641 (D. Kan. 1999), "litigants may engage in successive forms of discovery."  He also noted that "[t]he various methods of discovery [including depositions, interrogatories, and requests for production] as provided for in the Rules are clearly intended to be cumulative, as opposed to alternative or mutually exclusive."  *Id.*  Rule 26(c)(2)(C)(i) speaks in terms of the discovery being "*unreasonably* cumulative or duplicative." (Emphasis added.)  Thus, the mere fact that a party has produced documents on a certain topic does not mean that deposition testimony regarding those documents and the same topic would be *unreasonably* cumulative or should not be allowed under Rule 26(b)(2)(C)(i).

30(a)(2), that Asset Management should be granted leave to take a second Rule 30(b)(6) deposition of FMC about the information identified in Topic No. 1.

d.      *Topics No. 2 and 3*

Topic No. 2 seeks testimony regarding FMC's gross revenue and profits for the years 2005 and 2006, while Topic No. 3 seeks testimony regarding FMC's revenue and profits attributable to services provided regarding foreclosures, bankruptcy, litigation, etc.  FMC asserts that Topics No. 2 and 3 seek the same information as the document requests that FMC previously objected to as unduly burdensome, and that the Court should find the topics unduly burdensome for the same reasons it argued in its response to the Motion to Compel.

The Court fails to see how Topics No. 2 and 3 are identical or even similar to the document requests that were at issue in the Motion to Compel.[33]  Thus, the Court is not persuaded by FMC's arguments that deposing FMC on this topics would be cumulative or unduly burdensome. Furthermore, the Court finds that the information sought in Topics No. 2 and 3 regarding FMC's revenue and profits is directly relevant to Asset Management's claims for punitive damages.  These topics were not the subject of the first deposition of FMC, and Asset Management has established a need to take FMC's deposition regarding them.  Accordingly, the Court finds, pursuant to Rules 26(b)(2) and 30(a)(2), that Asset Management should be granted leave to depose FMC about the information identified in Topics No. 2 and 3.

_____

[33]The document requests at issue in Asset Management's Motion to Compel (doc. 27) sought documents to or from any FMC client concerning improper billing or charges (Request No. 6); documents concerning services performed by third-parties that FMC billed or invoiced to Asset Management (Request No. 8); documents FMC may use to establish the validity of charges on FMC's invoices to Asset Management (Request No. 9); and agreements between FMC and any local counsel concerning the performance of service related to Asset Management's properties (Request No. 10).

> ### e.    Topic No. 4

Finally, Topic No. 4 seeks testimony on the insurance policy produced by FMC.  FMC's only objection regarding being deposed on this topic is that Asset Management questioned FMC about this policy during FMC's first Rule 30(b)(6) deposition and questioned two FMC managers about it during their individual depositions.  FMC therefore asserts that additional questioning about this topic would be cumulative.  Asset Management counters that the deponents all denied any knowledge about the policy and testified that they did not know which individuals would be covered by the policy.  Thus, Asset Management contends that taking a second Rule 30(b)(6) deposition on this topic could not be construed unreasonably cumulative.

Further, Asset Management asserts that the policy is crucial to its counterclaim for professional negligence relating to FMC's rendering of legal services to Asset Management.  The insurance policy at issue is entitled "Professional Liability Insurance for Specified Professionals," and was produced to Asset Management as part of FMC's Rule 26(a)(1) disclosures.  Asset Management argues that the insurance policy plays an important role in the case because FMC denies that it has provided any legal services to Asset Management.  Asset Management seeks FMC's testimony concerning why FMC has professional liability insurance, if it claims it never provided Asset Management with legal services.  Asset Management also seeks testimony about the policy to determine which individuals' actions are covered and what coverage the policy may provide FMC for any liability in this case.

For the reasons cited by Asset Management, the Court does not find that deposing FMC about the insurance policy would be unreasonably cumulative or duplicative within the meaning of Rule 26(b)(2)(C)(i).  Although some questions were asked regarding the policy during the first Rule 30(b)(6) deposition, minimal information was provided in response.  Moreover, the policy was not

13

listed as a topic to be covered in the first Rule 30(b)(6) deposition and, thus, FMC was not required to prepare to testify about it.  In addition, the Court does not find that it would be unduly burdensome for FMC to provide additional testimony about the policy.  Finally, the Court finds that Asset Management has established a need to depose Asset Management about the policy, and that the likely benefit of the discovery sought outweighs any burden or expense it might impose on FMC. The Court therefore holds that Asset Management should be granted leave to depose FMC about the policy in a second Rule 30(b)(6) deposition.

## IV.    Conclusion

Pursuant to Rule 30(a)(2)(A)(ii), Asset Management was required to seek leave of court prior to noticing a second Rule 30(b)(6) deposition of FMC.  Because FMC did not do so, the deposition notice it filed on April 22, 2008 to take FMC's 30(b)(6) deposition a second time was invalid.  FMC is therefore entitled to a protective order as to that notice, and its Motion for Protective Order is granted.

At the same time, however, the Court grants Asset Management's oral motion seeking leave to take FMC's deposition for a second time.  Pursuant to Rule 30(a)(2)(A)(ii), the Court, in its discretion, finds that leave should be granted because a second Rule 30(b)(6) deposition of FMC would be consistent with the principles enunciated in Rule 26(b)(2)(C).  The Court finds that the testimony Asset Management seeks would not be unreasonably cumulative or duplicative and that the likely benefit of the testimony outweighs any burden or expense the deposition might impose on FMC.  Furthermore, the Court finds that Asset Management has established a need to depose FMC regarding the four topics identified.

The parties are directed to confer to determine a mutually agreeable time for the Rule 30(b)(6) deposition.  Asset Management shall file a renewed deposition notice that is limited to the

four topics identified in Asset Management's April 22, 2008 deposition notice (doc. 54).

**IT IS THEREFORE ORDERED** that the Motion for Protective Order (doc. 60) filed by Plaintiff/Counterclaim Defendant Foreclosure Management Co. regarding the Rule 30(b)(6) deposition notice filed by Asset Management Holdings, LLC on April 22, 2008 is granted, and the deposition notice is held invalid.

**IT IS FURTHER ORDERED** that Asset Management Holdings, LLC's oral motion to depose Foreclosure Management Co. a second time is granted.  Asset Management Holdings, LLC is hereby granted leave to take a second Rule 30(b)(6) deposition of Foreclosure Management Co., as set forth herein.

**IT IS FURTHER ORDERED** that each party shall bear its own expenses incurred in connection with these motions.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas this 21st day of August 2008.

s/ David J. Waxse
David J. Waxse
U. S. Magistrate Judge

cc:    All counsel and pro se parties